IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE MARVIN SLUTZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0118 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO GRANT RESPONDENT THALER'S MOTION
TO DISMISS AS TIMEBARRED and
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner JOE MARVIN SLUTZ has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he challenges his state court convictions and sentences. Respondent has filed a motion arguing petitioner's application should be dismissed as time barred by the AEDPA statute of limitations. For the following reasons, respondent's motion to dismiss should be GRANTED, and petitioner's federal habeas application should be DISMISSED.

I.
PROCEDURAL HISTORY

On October 15, 2008, in the 108th Judicial District Court of Potter County, Texas, in *State*

*v. Slutz*, a jury found petitioner guilty of six (6) offenses (see chart below) and, on October 16, 2008, assessed petitioner's punishment at imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division, as follows:

| Offense | Cause No. | Sentence |
|---|---|---|
| Sexual assault of a child | No. 58,571-E | 20 years |
| Aggravated sexual assault of a child | No. 58,572-E (Count 1) | Life |
| Aggravated sexual assault of a child | No. 58,572-E (Count 2) | Life |
| Aggravated sexual assault of a child | No. 58,573-E | Life |
| Aggravated sexual assault of a child | No. 58,574-E | Life |
| Aggravated sexual assault of a child | No. 58,575-E | Life |

Petitioner's two (2) life sentences in Cause No. 58,572-E were ordered to run concurrently. Petitioner's 20-year sentence in Cause No. 58,571-E was ordered to run consecutively to his life sentences in Cause No. 58,572-E. Petitioner's life sentence in Cause No. 58,573-E was ordered to run consecutively to his 20-year sentence in Cause No. 58, 571-E, his life sentence in 58,574-E was ordered to run consecutive to the life sentence in No. 58,573-E, and his life sentence in No. 58,574-E was ordered to run consecutive to the life sentence in No. 58,574-E.

Petitioner filed direct appeals challenging his convictions and sentences. On October 29, 2009, the Court of Appeals for the Seventh District of Texas affirmed petitioner's convictions in unpublished opinions. *Slutz v. State*, No. 07-08-0434-CR, 07-08-0435-CR, 07-08-0436-CR, 07-08-0437-CR and 07-08-0438-CR. Petitioner did not seek further direct review of his convictions and sentences by filing timely petitions for discretionary review.

On December 1, 2009, however, the Texas Court of Criminal Appeals granted petitioner an extension of time to file a petition for discretionary review challenging his convictions and sentences. Such petition was due on or before January 29, 2010. On March 24, 2010, petitioner filed a petition for discretionary review seeking review of all of his convictions and sentences. On March 24, 2010, the Texas Court of Criminal Appeals dismissed such petition as untimely

filed. *Slutz v. State*, PDR No. 1700-09.

On November 18, 2010, petitioner filed five (5) state applications for writs of habeas corpus challenging his convictions and sentences. On January 12, 2011, the Texas Court of Criminal Appeals denied each of petitioner's state habeas applications without written order. *See In re Slutz*, App. Nos. 75,214-01, -02, -03, -04 and -05.

Petitioner attests he placed the instant federal habeas application in the prison mail system on May 16, 2011.[1] The petition was received by this Court and filed of record on June 1, 2011. On September 7, 2011, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. As of this date, petitioner has not filed a response in opposition to respondent's motion.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] The transmittal envelope's postmark is unclear. The Court, however, did not receive petitioner's federal habeas application until June 1, 2011. Despite the 2-week discrepancy between the date petitioner avers he placed the application in the mail and the date this Court received the application, the Court will assume, for purposes of this discussion, that petitioner "filed" his habeas petition on May 16, 2011. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

      (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect any unconstitutional State action impeded petitioner in filing this federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In the instant case, petitioner was sentenced October 16, 2008, and his convictions were affirmed on direct appeal on October 29, 2009. Petitioner did not seek further direct review of his convictions and sentences by filing a petition for discretionary review within the 30-day time period allowed under Texas law for filing such petitions. *See* Tex. R. App. P. 68.2(a) (2008). Consequently, petitioner's convictions initially became final on November 28, 2009, upon the expiration of the 30-day time period. However, the Texas Court of Criminal Appeals subsequently granted petitioner until January 29, 2010 to file a petition for discretionary review.

When petitioner did not file a petition for discretionary review on or before January 29, 2010, the time for seeking direct review expired on that date. *See Dolan v. Dretke*, 168 Fed.Appx.10, 2006 WL 305539 (5th Cir. Feb. 9, 2006) (the time available for filing a PDR lapses when the extension of time granted for filing the PDR expires). Petitioner's convictions thus became final on January 29, 2010, and any federal habeas application challenging petitioner's convictions was due on or before January 31, 2011.[2] This time period, however, was tolled for the period of time during which petitioner's properly filed applications for State post-conviction relief were pending, *i.e.*, from November 18, 2010 to January 12, 2011, a total of 56 days. Consequently, petitioner's federal habeas application challenging his convictions was due on or before March 28, 2011. Petitioner, however, failed to file the instant federal habeas application until May 16, 2011. Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent be GRANTED, and that application for a writ of habeas corpus filed by petitioner JOE MARVIN SLUTZ be DISMISSED.

---

[2] The one-year limitation period would have expired on January 29, 2011, a Saturday. Consequently, the limitation period continued to run until the end of the next day that was not a Saturday, Sunday, or legal holiday, *to wit:* Monday, January 31, 2011. *See* Fed. R. Civ. Proc. 6(a) (2011).

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of October, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).