IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOE MARVIN SLUTZ, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | §   2:11-CV-0118 |
| | § |
| RICK THALER, Director, | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division, | § |
| | § |
| Respondent. | § |

**SUPPLEMENTAL REPORT AND RECOMMENDATION
TO GRANT RESPONDENT THALER'S MOTION
TO DISMISS AS TIMEBARRED and
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

On September 14, 2011, the undersigned United States Magistrate Judge entered a Report and Recommendation in this cause recommending therein that respondent's motion to dismiss be GRANTED, and petitioner's federal habeas application be DISMISSED. When the Report and Recommendation was entered, petitioner had not filed a response to respondent's motion to dismiss. On October 21, 2011, petitioner filed his response opposing respondent's motion to dismiss. In a "Summary Sheet" submitted with his response, petitioner indicated he initially submitted the response on October 5, 2011, and was re-submitting his response as of October 18, 2011. This Supplemental Report and Recommendation is issued after consideration of petitioner's response in opposition to respondent's motion to dismiss.

HAB54\R&R\SLUTZ-118.SUPP:2

RESPONSE TO MOTION TO DISMISS

In his response filed October 21, 2011, petitioner, citing *House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064 (2006), argues the AEDPA limitation period is not applicable to this federal habeas application. In *House*, the federal courts were presented with a federal habeas application asserting claims the state habeas courts had determined were procedurally barred by state law. The United States Supreme Court recounted the rule that claims forfeited under state law cannot be afforded federal habeas relief unless the prisoner demonstrates cause for the state procedural default and prejudice from the asserted error, or unless petitioner can show that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt (an actual innocence exception to the state procedural bar). The Court held the petitioner in *House* had met the actual innocence threshold/gateway for obtaining federal habeas review despite a state procedural default. *House* did not, however, hold the AEDPA statute of limitation does not apply to a federal habeas application merely because it asserts an actual innocence claim.

In this case, petitioner's claims have not been subjected to any state procedural bar in post-conviction proceedings. In fact, petitioner's claims have been heard on the merits by the state habeas courts and denied on the merits. Since petitioner has not forfeited or defaulted any claims under state law, the actual innocence gateway carved to permit federal habeas review of state procedurally barred claims is not applicable. Petitioner's response to the motion to dismiss does not alter the findings and conclusions in the original Report and Recommendation.

As noted in the initial Report and Recommendation, petitioner's convictions became final on January 29, 2010, and any federal habeas application challenging petitioner's convictions was

due on or before January 31, 2011.[1] This time period, however, was tolled for the period of time during which petitioner's properly filed applications for State post-conviction relief were pending, *i.e.*, from November 18, 2010 to January 12, 2011, a total of 56 days. Consequently, petitioner's federal habeas application challenging his convictions was due on or before March 28, 2011. Petitioner failed to file this federal habeas application until May 16, 2011. Consequently, petitioner's federal habeas application is time barred, and it remains the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent be GRANTED, and that application for a writ of habeas corpus filed by petitioner JOE MARVIN SLUTZ be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of March, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[1] The one-year limitation period would have expired on January 29, 2011, a Saturday. Consequently, the limitation period continued to run until the end of the next day that was not a Saturday, Sunday, or legal holiday, *to wit:* Monday, January 31, 2011. *See* Fed. R. Civ. Proc. 6(a) (2011).

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).